Jonathan Schwalb, Esq.
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004
Attorney for Selene Finance LP as servicer for
Wilmington Savings Fund Society, FBS, doing business as Christiana Trust, not in its
Individual Capacity but Solely as Legal Title Trustee for
Bronze Creek Title Trust 2013-NPL1
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------X
:
IN RE:                                                          :  CASE NO.: 19-17738
                                                                :
Patricia Britton                                                :  CHAPTER: 13
                                                                :
Debtor(s)                                                       :  HON. JUDGE.:
                                                                :  Michael B. Kaplan
----------------------------------------------------------------X
                                                                :  HEARING DATE:
                                                                :  **September 17, 2019 at 10:00AM**
                                                                :
                                                                :

### NOTICE OF OBJECTION TO CONFIRMATION OF MODIFIED PLAN

**PLEASE TAKE NOTICE** that Selene Finance LP as servicer for Wilmington Savings Fund Society, FBS, doing business as Christiana Trust, not in its Individual Capacity but Solely as Legal Title Trustee for Bronze Creek Title Trust 2013-NPL1 ("Secured Creditor"), the holder of a mortgage on real property of the debtor(s), by and through its undersigned attorneys, hereby objects to the confirmation of the Modified Chapter 13 Plan on grounds including:

1. Secured Creditor is the mortgagee pursuant to the Note and Mortgage executed by Debtor on October 6, 1998, pledging the real property located at 301 Canterbury Way, Princeton, NJ 08540 (the "Property") as security.

2. Debtor(s) modified plan still fails to provide for the claim of Secured Creditor. The objecting creditor is due arrears of approximately $148,780.83 with a total estimated claim amount of $226,961.43, which are set forth in a Proof of Claim filed on May 23, 2019 (claim 5-1).

3. Debtor(s) seeks to modify the rights of Secured Creditor, which is the holder of a claim secured only by a security interest in real property that is the principal residence of the debtor(s).

4. Debtor(s) modified plan as proposed still appears to contemplate that there will be no cure for the prepetition arrears of Secured Creditor unless or until the property is sold. Moreover, the debtor(s) are obligated to cure the arrears due to the objecting creditor within a reasonable time pursuant to 11 U.S.C § 1322 (b)(5). Accordingly, in the event that the ongoing sale efforts are not successful, the plan fails to satisfy the confirmation requirements of 11 U.S.C. § 1325(a)(1).

5. Debtor's proposed plan cannot be confirmed as presently constructed, as Debtor is proposing to sell the Subject Property within six (6) months of confirmation of plan. Secured Creditor respectfully objects to any order confirming the plan with this completion date and objects to any confirming order unless the loan is paid in full based off of a payoff provided at closing.

6. In addition, Debtor has had nearly five (5) months _already_ to sell the property and has failed to do so. Debtor has failed to pay Secured Creditor post-petition payments pending the sale as well. Debtor has also failed to provide for any information regarding the sale, listing agreement, broker retention agreement, contract price etc. If there is no equity, Secured Creditor must approve any short sale. If there is equity, Secured Creditor must be paid in full and said language must be in any confirmed order.

7. Debtor(s) proposed plan fails to comply with the requirements of the Bankruptcy Code and is not proposed in good faith.

8. Debtor(s) proposed plan does not provide that Secured Creditor retain its lien.

9. Debtor(s) proposed plan is not feasible.

10. Debtor(s) proposed plan fails to comply with other applicable provisions of Title 11.

11. Furthermore, Secured Creditor objects to Debtor's confirmation in that if the Debtor is post-petition delinquent with the Trustee at the time of confirmation and Debtors' case is dismissed, then any excess funds that the Chapter 13 Trustee is holding should be released to the Secured Creditor.  Absent the release of any excess funds in the possession of the Trustee, Secured Creditor is substantially harmed as the Debtor would have enjoyed the benefit of the automatic stay to the

detriment of Secured Creditor. Absent such language in the Order of Confirmation, confirmation of Debtor's plan must be denied.

In the event any portion of the claim is deemed to be an unsecured claim as defined by the Code, objection is hereby made pursuant to 11 U.S.C § 1325(a)(4) and 1325(b), et seq. unless the plan provides for full payment of the claim.

                FRIEDMAN VARTOLO LLP
                85 Broad Street Suite 501
                New York, New York 10004
                Attorneys for Secured Creditor,

                By: /s/ Jonathan Schwalb
                Jonathan Schwalb, Esq.

Date: September 6, 2019

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | | |
|---|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Jonathan Schwalb, Esq.<br>Friedman Vartolo LLP<br>85 Broad Street, Suite 501<br>New York, New York 10004<br>P: (212) 471-5100<br>Attorneys for Selene Finance LP as servicer for Wilmington Savings Fund Society, FBS, doing business as Christiana Trust, not in its Individual Capacity but Solely as Legal Title Trustee for Bronze Creek Title Trust 2013-NPL1 | Case No.: | 19-17738 |
| | Chapter: | 13 |
| In Re:<br><br>Patricia Britton | Adv. No.: | |
| | Hearing Date: | September 17, 2019 at 10:00 AM |
| | Hon. Judge: | Michael B. Kaplan |

## CERTIFICATION OF SERVICE

1. I, Theodore Weber :

   ☐ represent _____ in the this matter.

   ☒ am the secretary/paralegal for Jonathan Schwalb, Esq., who represents Selene Finance LP in the this matter.

   ☐ am the _____ in the this case and am representing myself.

2. On September 6, 2019, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.
   - Notice of Objection to Confirmation of Modified Plan

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: September 6, 2019                    /s/ Theodore Weber
                                            Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Patricia Britton<br>304 Canterbury Way<br>Princeton, NJ 08540 | Debtor(s) | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |
| Robert C. Nisenson<br>Robert C. Nisenson, LLC<br>10 Auer Court<br>Suite E<br>East Brunswick, NJ 08816 | Debtor(s) Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |
| Albert Russo<br>Standing Chapter 13 Trustee<br>CN 4853<br>Trenton, NJ 08650-4853 | Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |
| U.S. Trustee<br>US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100<br>Newark, NJ 07102 | U.S. Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |